IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03235-M

MATTHEW A. SAFRIT, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
DREW STANLEY, )
 )
        Defendant. )

On August 10, 2021, Matthew A. Safrit ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 5].

On July 26, 2022, the court issued an order that, among other things, conducted initial review and dismissed the complaint for failure to state a claim upon which relief may be granted. Order [D.E. 23]. Judgement was entered the following day. J. [D.E. 24].

On August 8, 2022, plaintiff appealed. See [D.E. 26, 27].

October 11, 2022, plaintiff filed the instant motion to amend. Mot. [D.E. 32].

Plaintiff's Motion:

In support of the instant motion, plaintiff asserts: he was moved from Nash C.I. to Neuse C.I. circa July 26, 2022, while in the middle of multiple physical therapy sessions for his neck and shoulder that took place twice weekly; plaintiff has not received physical therapy at Neuse C.I.; on September 24 and 25, 2022, plaintiff awoke from sleep unable to breathe and with numbness in his left arm and chest; he submitted a sick call on September 25, 2022, and was seen at medical the following day; he had an "irregular EV-G reading"; plaintiff was taken to the emergency room

where, after multiple tests, the doctor concluded the symptoms stemmed from his neck injury, prescribed steroids, and recommended physical therapy. Mot. [D.E. 32] at 1.

Plaintiff argues: "it is reasonable to conclude that had not plaintiff's physical therapy been discontinued in the midst of his treatment[,] he would not have suffered this attack [sic]"; he "suffered serious physical harm due to being moved from Nash [C.I.] to Neuse [C.I.]"; "circumstances give rise to the fact that said movement was a retaliatory action on behalf of defendant [Nash C.I. Warden Drew] Stanley [sic]"; and "because of the retaliatory actions revolve around plaintiff's use of the grievance procedure and access to court, his First and Fourth Amend. U.S. rights have been violated [sic]." Id. at 1–2. For relief, plaintiff seeks compensatory damages for pain and suffering. Id. at 2.

As a proposed amendment to his initial complaint, plaintiff seeks: "Compensatory damages against all Defendants in their individual capacity of five dollars ($5.00) per day for each day Plaintiff was sleep deprived and each Defendant had actual or inferential knowledge of the fact, yet did nothing [sic]." Id.

Discussion:

To the extent plaintiff seeks to amend his complaint in this action, because plaintiff has appealed the court's order of dismissal and judgment, the court lacks jurisdiction to consider such a requested amendment. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam); Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978) (stating that, ordinarily, "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed").

2

To the extent plaintiff instead seeks to raise claims regarding his transfer to Neuse C.I. and the alleged discontinuation of his physical therapy, these claims are substantially distinct from the claims underpinning the complaint in this action. As such, these new claims belong in a separate § 1983 action. See Fed. R. Civ. P. 18 (discussing joinder of claims); Fed. R. Civ. P. 20(a)(2) (discussing joinder of defendants); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]"). The court makes no findings as to plaintiff's likelihood of success in such an action.

## Conclusion:

In sum, the court DENIES the motion to amend [D.E. 32]. The court further: DIRECTS the clerk to open a new §1983 action, with plaintiff's instant motion to amend [D.E. 32] serving as the complaint, and to send plaintiff the forms prescribed for use by the court for filing a §1983 claim; ALLOWS plaintiff twenty-one (21) days from the date of this order to resubmit this new complaint on the correct forms; and WARNS plaintiff that, if he fails to comply with this order in the time permitted, the clerk is DIRECTED, without further order of the court, to DISMISS WITHOUT PREJUDICE the newly opened action for failure to prosecute.

SO ORDERED, this 8th day of November 2022.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge

3