**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6902

MATTHEW A. SAFRIT,

        Plaintiff - Appellant,

  v.

DREW STANLEY,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-ct-03235-M)

Submitted:  January 26, 2024                                   Decided:  February 5, 2024

Before KING and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Matthew A. Safrit, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Aaron Safrit, a North Carolina prisoner, filed a 42 U.S.C. § 1983 complaint against Drew Stanley, the warden of the Nash Correctional Institution ("NCI"); Todd Ishee, the North Carolina Director of Prisons; and Erik Hooks, the Secretary of the North Carolina Department of Public Safety. Safrit alleged that Stanley implemented a new headcount policy at NCI which resulted in inmates being deprived of sufficient sleep. The district court reviewed Safrit's complaint under 28 U.S.C. § 1915A and determined that Safrit failed to state an Eighth Amendment claim. We affirm in part, vacate in part, and remand.

Under 28 U.S.C. § 1915A(a), a district court must "engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity." *McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). A district court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). This court reviews de novo a dismissal under 28 U.S.C. § 1915A, applying the same standards applicable to review of a Fed. R. Civ. P. 12(b)(6) dismissal. *Wilcox v. Brown*, 877 F.3d 161, 166 (4th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carey v. Throwe*, 957 F.3d 468, 474 (4th Cir. 2020) (internal quotation marks omitted). "[W]hen a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." *Wilcox*, 877 F.3d at 167.

2

"The Eighth Amendment, which prohibits infliction of cruel and unusual punishments, applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019) (cleaned up). The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (cleaned up). Accordingly, an Eighth Amendment claim arises when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Sleep is a basic human necessity, and conditions depriving inmates of sleep can support an Eighth Amendment claim. *See Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 374 (3d Cir. 2019); *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013); *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999); *Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996).

To prevail on an Eighth Amendment claim, an inmate must satisfy both an "objective" and a "subjective" component. *Porter*, 923 F.3d at 355. "To satisfy the objective prong, a plaintiff inmate must demonstrate that the deprivation alleged was, objectively, sufficiently serious." *Id.* (cleaned up). "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of serious harm resulting from exposure to the challenged conditions." *Id.* (cleaned up).

As to the subjective prong, the plaintiff must show "that prison officials acted with deliberate indifference"—specifically, "that the official knew of and disregarded an

3

excessive risk to inmate health or safety." *Id.* at 361 (cleaned up). "Deliberate indifference is more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result." *Id.* (cleaned up). "A defendant's subjective knowledge can be proven through direct evidence of his actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence that he knew of a substantial risk from the very fact that the risk was obvious." *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019) (cleaned up).

Our review of Safrit's complaint demonstrates that he adequately stated a sufficiently serious deprivation at the pleading stage. He alleged that the policy resulted in sleep deprivation for over a year and claimed that it exacerbated his mental health conditions of depression and anxiety and increased his suicidal thoughts. While the policy permitted at most just under six hours of sleep, Safrit alleged that on most days headcounts were conducted at times that further reduced his sleep. We find that Safrit alleged facts adequately pleading the objective component of an Eighth Amendment claim.

Moving to the subjective component, Safrit also sufficiently pled that Stanley was responsible for implementing the policy and was aware of and disregarded the harm the policy had on Safrit's mental health. Safrit sent two letters to Stanley requesting a meeting to discuss the issues, and Safrit spoke with another prison official who affirmed that she had raised Safrit's concerns with Stanley. Stanley's alleged response, while acknowledging Safrit's complaint, was dismissive, and Stanley continued to insist on compliance with the head count policy.

Because we find that Safrit stated a claim for an Eighth Amendment violation as to Stanley, we vacate that portion of the district court's order and remand for further proceedings. We express no opinion on the merits of Safrit's claim. We affirm the judgment as to Ishee and Hooks[*] and affirm the court's denial of Safrit's motions to appoint counsel and for a preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,<br>AND REMANDED*

---

[*] We find that the district court correctly determined that Safrit failed to state a claim against Ishee and Hooks, because Safrit did not adequately allege their personal knowledge or involvement in the purported deprivation.